UNITED STATES of America,
Plaintiff-Appellant,

v.

Nikolas SEVERDIJA, Luis Alfonso Marquez-Brito, Juan Israel Hernandez-Linares, Reyes Ruiz Valdez, Defendants-Appellees.

No. 82–5496.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1984.

Stanley Marcus, U.S. Atty., Jon May, Robert J. Bondi, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.

Linda L. Carroll, Miami, Fla., for Nikolas Severdija.

Hugh J. Behan, Asst. Federal Public Defender, Miami, Fla., for Luis Alfonso Marquez-Brito.

Kathleen Hamilton, Coral Gables, Fla., for Juan Israel Hernandez-Linares.

Paul M. Korchin, Miami, Fla., for Reyes Ruiz Valdez.

Before RONEY, HATCHETT and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

In this case the Government appeals the district court's dismissal with prejudice of an indictment against four defendants because of a delay in trial which was held to violate the Speedy Trial Act, 18 U.S.C.A. §§ 3161–3174. We reverse the dismissal and remand the case for trial because, taking into consideration the number of days properly excludable for computation purposes, the 70-day speedy trial period had not expired at the time the motion was granted.

The Speedy Trial Act, 18 U.S.C.A. § 3161(c)(1), requires that a defendant be tried within 70 days of the filing of the information or indictment, or of the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever occurs later. In this case the indictment triggered the 70-day speedy trial period. The four defendants were arrested aboard a vessel on or about October 27, 1981, and appeared before a judicial officer on November 1. On November 9, 1981, they were indicted by a grand jury for possession with intent to distribute a controlled substance and conspiracy. 21 U.S.C.A. §§ 955a(a), 955c; 18 U.S.C.A. § 2. The indictment was later than the appearance before a judicial officer, so the period begins with the November 9 indictment.

The 70-day period does not mean 70 consecutive calendar days, however. The Speedy Trial Act sets forth certain periods that are to be excluded in computing the time within which the trial must be commenced. The parties differ essentially on whether certain pretrial motions and proceedings were excludable. Section 3161(h) provides that periods of delay resulting from or reasonably attributable to the following events relevant to a proceeding are excluded from the computation:

"other proceedings concerning the defendant ..." 18 U.S.C.A. § 3161(h)(1);

"any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," id. § 3161(h)(1)(F);

"any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," id. § 3161(h)(1)(J);

"when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," id. § 3161(h)(7).

These statutory exclusions must be applied to the events in this case, which are listed and discussed here in chronological order. The chart at the end of this case shows these events and whether they are excluded from the 70-day calculation.

| Date | Event |
|------|-------|
| 11–9–81 | Indictment. |

Contrary to defendants' first contention, the date of the indictment is not counted as one of the 70 days allowed by the Act. The first day of the 70-day period was the day *after* November 9, 1981. *See United States v. Campbell,* 706 F.2d 1138, 1139 (11th Cir. 1983) (70-day period began the day after indictment).

| Date | Event |
|------|-------|
| 11–24–81 | Severdija's Motion to Reduce Bond. |

Defendants claim that the Motion to Reduce Bond did not result in excludable time for speedy trial purposes. That motion, however, falls within the § 3161(h)(1)(F) exclusion of delay resulting from any pretrial motion, and therefore November 24 is excluded in the computation of the indictment-to-trial period.

| Date | Event |
|------|-------|
| 11–25–81 | Arraignment. |

The date of arraignment is excluded under section 3161(h)(1) (excluding "delay resulting from other proceedings concerning the defendant"). *See United States v. Campbell,* 706 F.2d at 1139 n.1 (date of arraignment excluded in computation); *United States v. Mers,* 701 F.2d 1321, 1332 n.6 (11th Cir. 1983) (dicta); *United States v. Haiges,* 688 F.2d 1273 (9th Cir. 1982) (court's exclusion of arraignment date was necessary to its holding).

| Date | Event |
|------|-------|
| 12–1–81 | Severdija's Motion to Produce Witnesses; Motion Not to Deport Witnesses. |
| 12–2–81 | Linares' Motion to Reduce Bond. |
| 12–3–81 | Court's Order That Witnesses in Custody be Deposed and Granting Linares' Motion to Reduce Bond. |

December 1, 2, and 3 are excludable under the exclusion for pretrial motions, 18 U.S.C.A. § 3161(h)(1)(F), and the exclusion for motions of a codefendant, § 3161(h)(7). In this Circuit, the interpretation of the (h)(7) exclusion stops the clock for one defendant in the same manner and for the same amount of time as for all codefendants. *United States v. Campbell,* 706 F.2d 1138, 1141 (11th Cir. 1983); *United States v. Struyf,* 701 F.2d 875, 878 (11th Cir. 1983); *United States v. Stafford,* 697 F.2d 1368, 1372 (11th Cir. 1983); *United States v. Varella,* 692 F.2d 1352, 1358–59 (11th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3542, 77 L.Ed.2d 1392 (1983).

| Date | Event |
|------|-------|
| 12–4–81 | Court's Order Granting Linares' Motion to Reduce Bond was Filed in Clerk's Office. |

The court order granting Linares' Motion to Reduce Bond was signed and dated December 3, 1982, which was the date of the "prompt disposition" of that motion under 18 U.S.C.A. § 3161(h)(1)(F). December 4, the date the order was filed in the clerk's office, is not excludable because the motion was "disposed of" when the court signed the order.

| Date | Event |
|------|-------|
| 12–9–81 | Severdija's Renewed Motion Not to Deport Witnesses. |
| 12–15–81 | Linares' Motion to Adopt Severdija's Motion Not to Deport Witnesses. |
| 12–17–81 | Valdez's Motion to Adopt Severdija's Motion Not to Deport Witnesses. |
| 12–21–81 | Severdija's Motion to Compel Immunity for Colombian Witnesses; Motion Denied; Court Ruled on Severdija's Motion Not to Deport Witnesses; Court stated orally Valdez's Motion to Adopt would be granted. |
| 12–22–81 | Court Signed Written Order Granting Valdez's Motion to Adopt. |

The dates from December 9 through December 21, while pretrial motions were pending, are clearly excludable under section 3161(h)(1)(F). Although apparently the court noted at a hearing on December 21 that Valdez's Motion to Adopt Severdija's Renewed Motion would be granted, the court order granting the motion was signed and dated December 22. The written order was the disposition of Valdez's motion, and therefore December 22 is excluded from the computation of the speedy trial period.

| Date | Event |
|------|-------|
| 2–4–82 | Severdija's Motion to Dismiss for Violation of Speedy Trial Act. |
| 2–9–82 | Court Announced Orally That Motion to Dismiss Would Be Granted. |
| 2–10–82 | Court Signed Written Order Granting Motion to Dismiss. |

Although defendants originally argued that the Motion to Dismiss for violation of the Speedy Trial Act did not result in excludable time, they acknowledged at oral argument that this contention had been rejected by this Court in *United States v. Stafford,* 697 F.2d 1368, 1372–73 (11th Cir. 1983). The time during which the motion was pending is therefore excludable. February 10, the date of the court's written order granting the motion to dismiss, is excludable.

*Conclusion*

According to these calculations, there were 27 excludable days and 67 includable days between the indictment on November 9, 1981, and the court's ruling on the motion to dismiss on February 10, 1982. The includable periods were (1) between indictment and Severdija's Motion to Reduce Bond (14 days); (2) between arraignment and the December 1 pretrial motions (5 days); (3) between the court's rulings on December 3 to the Renewed Motions on September 9 (5 days); and (4) between the order granting Valdez's Motion to Adopt and the Motion to Dismiss (43 days). The

70-day period of the Speedy Trial Act had not expired on February 10, 1982, and the Motion to Dismiss was improperly granted.

REVERSED and REMANDED.

SPEEDY TRIAL CHART
X = Excludable Day

**November 1981**

| | | |
|---|---|---|
| 9 | X | Indictment. |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | X | Severdija's Motion to Reduce Bond; Granted. |
| 25 | X | Arraignment. |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |

**December 1981**

| | | |
|---|---|---|
| 1 | X | Severdija's Motion to Produce Witnesses; Motion Not to Deport Witnesses. |
| 2 | X | Linares' Motion to Reduce Bond. |
| 3 | X | Court's Order that Witnesses in custody be deposed and granting Linares' Motion to Reduce Bond. |
| 4 | | Court's Order granting Linares' Motion to Reduce Bond was filed in Clerk's Office. |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | X | Severdija filed Renewed Motion Not to Deport Witnesses. |
| 10 | X | |
| 11 | X | |
| 12 | X | |
| 13 | X | |
| 14 | X | |
| 15 | X | Linares' Motion to Adopt Severdija's Motion Not to Deport Witnesses. |
| 16 | X | |
| 17 | X | Valdez's Motion to Adopt Severdija's Motion Not to Deport Witnesses. |
| 18 | X | |
| 19 | X | |
| 20 | X | |
| 21 | X | Severdija moved to compel immunity for Colombians; Motion denied; Court ruled on Severdija's Motion Not to Deport Witnesses; Court stated orally that Valdez's Motion to Adopt would be granted. |

| | | |
|---|---|---|
| 22 | X | Court signed written Order granting Valdez's Motion to Adopt. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |

**January 1982**

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |

**February 1982**

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | X | Severdija filed Motion to Dismiss for Violation of Speedy Trial Act. |
| 5 | X | |
| 6 | X | |
| 7 | X | |
| 8 | X | |
| 9 | X | Court announced orally that Motion to Dismiss would be granted. |
| 10 | X | Court signed written Order granting Motion to Dismiss. |