**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Dago Berto MARTINEZ,
Defendant-Appellant.**

No. 83–5713

United States Court of Appeals,
Eleventh Circuit.

Dec. 26, 1984.

Rehearing and Rehearing En Banc
Denied Jan. 31, 1985.

Entin, Schwartz, Dion & Sclafani, Ronald A. Dion, North Miami Beach, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Lynne W. Lamprecht, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Appellant, Jose Dago Berto Martinez, was indicted by a federal grand jury in the

Southern District of Florida on March 18, 1983. He and three codefendants, Steven Schwartz, Ronald Sanjurjo, and Chlotilde Schwartz, were charged with three counts of federal narcotics law violations. Codefendants Steven Schwartz and Sanjurjo entered guilty pleas to the conspiracy charge in the indictment, and codefendant Chlotilde Schwartz entered into an agreement with the government to seek pre-trial diversion. Accordingly, appellant Martinez was tried alone. His trial began on August 22, 1983, and he was found guilty by a jury on all three counts. The sole issue in this case is whether the delay in bringing appellant Martinez to trial constituted a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. We affirm the district court's denial of appellant's speedy trial motion, finding no violation.

■ The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the filing of the information or indictment, or from the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever occurs later. 18 U.S.C. § 3161(c)(1). Section 3161(h) of the Act provides that certain periods of delay, including delay resulting from the trial judge's consideration of pretrial motions, shall be excludable in the computation of the 70-day time period. In a multi-defendant case, motions filed by one defendant which trigger excludable time under § 3161(h) will trigger excludable time for all of the defendants. *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir. 1983); *United States v. Varella*, 692 F.2d 1352, 1358 (11th Cir.1982), *cert. denied*, — U.S. ——, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). With this background in mind we consider appellant's claim, which raises issues as to the computation of excludable time.

In the present case, the indictment on March 18, 1983, triggered the 70-day speedy trial period. On several occasions following the indictment, the defendants filed motions which required rulings by the trial judge. The appellant does not dispute that certain periods of delay, during which the judge had a defendant's motion under consideration, are excludable under § 3161(h)(1)(F), which provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," shall be excluded from the computation of the 70-day time period. 18 U.S.C. § 3161(h)(1)(F). It is also undisputed that the period of time from May 2, 1983 (when the judge granted Sanjurjo's first motion for a continuance), until June 13, 1983 (the reset trial date), is excludable as a continuance granted to serve the ends of justice. *See* 18 U.S.C. § 3161(h)(8). The parties remain in disagreement on two issues regarding the computation of excludable time: first, whether, under 3161(h)(1)(F), non-excludable time begins to run anew from the judge's signing of an order dealing with defendant's motion, or upon the filing of that order by the clerk of the court; and second, whether the resetting of appellant's trial on June 18, 1983, was a ruling on Sanjurjo's motion for a continuance. Since our resolution of the first issue disposes of appellant's speedy trial claim, we need not consider the second issue.

■ The first issue involves two separate motions ruled on by the district judge. On April 12, 1983, appellant Martinez moved for a severance. The judge signed a written order denying the motion on April 13th, but this order was not filed by the clerk until April 14th. Similarly, on July 19, 1983, Martinez filed a motion to substitute counsel; the judge signed an order granting that motion on August 3rd, but the order was not filed until the next day, August 4th. The issue raised is whether the date of the "prompt disposition" of a motion under 18 U.S.C. § 3161(h)(1)(F) is the date on which the order was signed by the judge, or the date on which the order was filed in the clerk's office. If, as the government contends, a motion is not "promptly disposed of" until the order is filed, then April 14th and August 4th are both excludable dates. In that

case, there would be no speedy trial violation even if appellant were to prevail on the second issue, because the 70th non-excludable day fell on Saturday, August 20th, and the appellant's trial began on the next working day, Monday, August 22nd.

A court of records has been deemed to speak only through its records, *United States v. Eisner*, 329 F.2d 410, 412 (6th Cir.1964) (per curiam), and thus "[a]s a general rule, an order granted on a motion should, in order to become complete and effective, be entered, filed, or made a part of the minutes or record of the court." 60 C.J.S. *Motions and Orders* § 59(1) (1969); *see, e.g., Barry v. Robson*, 65 So.2d 739, 740 (Fla.1953). This makes practical sense, because a judge may sign an order, but for various reasons rethink the matter and change the order before it is entered on the records or even sent to the clerk. Also, in the context of the Speedy Trial Act, a great deal of monitoring is required by judges and parties. *United States v. Mers*, 701 F.2d 1321, 1339 (11th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983). The date of the filing of an order is a much more efficient date for monitoring purposes because judges will often sign their orders but not date them, leading to much uncertainty as to the exact date of the signing. Therefore, we hold that when a judge rules on a motion by written order, that motion has not been "promptly disposed of" under section 3161(h)(1)(F), even though the order is signed by the judge, until the order is officially filed by the clerk of the court; provided that the filing occurs in due course.[1]

*United States v. Severdija*, 723 F.2d 791 (11th Cir.1984), does not dictate a different result. In *Severdija*, this court stated that the date of the "prompt disposition" for section 3161(h)(1)(F) purposes of the defendant's motion to reduce bond was the date on which the order was signed and dated by the judge, and not the following day in which the order was filed in the clerk's office. *Id.* at 793. However, this issue was never argued by the parties in the *Severdija* case; and since only 67 non-excludable days had elapsed in *Severdija,* the "disposed of" ruling was dictum.[2] While we are bound to follow an earlier holding of this court, we are satisfied that this dicta does not constitute such a holding.

Since the motions at issue in our present case were not "disposed of" until the trial judge's written orders were filed in the clerk's office, April 14th and August 4th are both excludable dates for purposes of calculating the 70-day speedy trial period. Therefore, the 70th non-excludable day fell on Saturday, August 20th. Since appellant's trial began on the next working day, there was no speedy trial violation. Appellant's conviction is

AFFIRMED.

---

1. Case law lends some support to our holding that the date of filing is the controlling date. In considering a speedy trial situation, the Fifth Circuit in *United States v. Atkins*, 698 F.2d 711, 714 (5th Cir.1983), stated that: "Atkins concedes that the period from July 10, 1981 (the date several nondispositive motions were filed) through August 5, 1981 (the date the discovery order was *entered*) is excludable pursuant to section 3161(h)(1)(F)." (emphasis added). *Seiferth v. Seiferth,* 121 So.2d 689 (Fla.App.1960), presented an analogous situation, when the court had to interpret a Florida statute providing that a judgment by a court shall not be deemed rendered until a motion or petition for a new trial or rehearing "is disposed of." The

court determined that a motion is not "disposed of" until the order ruling on it is filed and recorded with the clerk. *Id.* at 690.

2. In addition, the record in *Severdija* indicates that a ruling on the motion to reduce bond may have been originally announced orally at a hearing, with the written order following as an administrative record-keeping function. That would distinguish *Severdija* from our present case, in which the judge ruled on both motions at issue in chambers. We express no opinion as to the date of the "disposition of" a motion when a ruling on the motion is announced by the trial judge at a hearing.