**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Joseph Patrick ROBINSON,
Defendant-Appellee.**

No. 83–5230.

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1985.

---

Stanley Marcus, U.S. Atty., Sonia Escobio O'Donnell, Linda Collins-Hertz, Asst. U.S. Attys., Chris Mancini, Miami, Fla., for plaintiff-appellant.

Louis Vernell, North Miami Beach, Fla., for defendant-appellee.

Before HENDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge.

The government appeals from the order of the United States District Court for the Southern District of Florida dismissing with prejudice the case against the defendant-appellee, Joseph Patrick Robinson, for alleged violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982) ("Act"), and his constitutional rights. We reverse the dismissal and remand for trial.

On September 11, 1981, Robinson was arrested without a warrant upon his arrival in the United States from Nassau, Bahamas for allegedly making a false statement on a United States Customs form with respect to the amount of United States currency and negotiable instruments he was bringing into the United States and for transporting such currency and negotiable instruments without filing the required Customs form. Robinson appeared before a United States magistrate on September 14, 1981, at which time the government indicated it would not file a complaint against him.

On August 23, 1982, a grand jury indicted Robinson on the same charges. He was arraigned before a United States magistrate on September 3, 1982 and trial was initially set for October 4, 1982. Robinson filed a motion to dismiss the indictment for violations of his statutory and constitutional speedy trial rights on September 29, 1982. The magistrate filed a report and recommendation on October 5, 1982 recommending the denial of the motion. Robinson filed objections to the magistrate's report on October 12, 1982. During a hear-ing on October 14, 1982, defense counsel informed the district court that there had been no arraignment for his client.[1] The district court adopted the magistrate's report and denied Robinson's motion to dismiss in an order dated October 20, 1982 and filed on October 25, 1982. Trial was reset for November 15, 1982. On November 2, 1982, the government provided the district court with documentation supporting its assertion that Robinson had in fact been arraigned on September 3, 1982. Although no motion for a continuance appears in the record, the trial was again rescheduled for December 13, 1982.

Robinson filed a "Renewed and/or Supplemental Motion to Dismiss the Indictment" on December 10, 1982. The motion alleged violations of 18 U.S.C. §§ 3161(b) and 3161(c)(1) and the fifth and sixth amendments. The case was once again set for trial on January 3, 1983. In an order dated January 5, 1983 and entered on the record January 6, 1983, the district court dismissed the indictment with prejudice. The government filed a petition for reconsideration on January 28, 1983, which the court denied on March 1, 1983. On June 30, 1983, the district court entered an order amending its earlier order of dismissal.

I. *Delay Between Arrest and Indictment*

In his original and renewed motions to dismiss, Robinson asserted that his speedy trial rights were violated because the government failed to indict him within thirty days of his arrest as required by 18 U.S.C. § 3161(b).[2] In its order dismissing the indictment, the district court character-

---

1. The nature of the October 14, 1982 hearing at which Robinson's counsel disputed his client's arraignment is not clear. The government asserts that the district court held calendar call on that date and supports its contention with an affidavit by the assistant United States Attorney who handled the case before the district court. We find no notice in the record of a calendar call scheduled for October 14, 1982. The record indicates that the court actually held a hearing on that date to review Robinson's objections to the magistrate's report. There is no need to examine this discrepancy further, however, because it has no bearing on our resolution of the issues.

2. Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b) (1982).

ized the period between Robinson's arrest on September 11, 1981 and his indictment on August 23, 1982 as an "inordinate delay" in violation of Robinson's constitutional right to due process and statutory right to a speedy trial. On appeal, the government argues that the period from September 14, 1981, when the government indicated it would not file a complaint against Robinson, to August 23, 1982, the date of the return of the indictment, should not be counted as nonexcludable time for purposes of section 3161(b) because no charges were pending against Robinson during that period.

■ Although the record is somewhat unclear, it appears that Robinson was never formally charged at the time of his September 11, 1981 arrest. When Robinson appeared before a magistrate on September 14, 1981, the government stated that it would not file a complaint against him at that time. In *United States v. Sayers*, 698 F.2d 1128 (11th Cir.1983), a panel of this court held that the thirty-day period specified in section 3161(b) "should begin to run only after an individual is 'accused,' either by an arrest and charge or by an indictment." *Id.* at 1131. If Robinson was never held to answer to a charge, the time limits imposed by section 3161(b) were not applicable. *See also United States v. Kubiak*, 704 F.2d 1545, 1548 (11th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 104 S.Ct. 163, 78 L.Ed.2d 149 (1983); *United States v. Varella*, 692 F.2d 1352, 1356–58 (11th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983).

■ Even assuming that Robinson was formally charged, there is still no Speedy Trial Act violation. In *United States v. Puett*, 735 F.2d 1331 (11th Cir.1984), this court held that when an initial complaint is dismissed and the defendant is later indicted, the time limits run anew from the date of the filing of the subsequent complaint or indictment. *Id.* at 1333–34. This is because speedy trial guarantees focus on pending criminal prosecutions. *Id.* at 1334. Therefore, when the government indicated at the September 14, 1981 hearing that it would not proceed against Robinson,[3] there was no pending prosecution to trigger the commencement of the speedy trial clock.

■ There was also no violation of Robinson's constitutional rights. The sixth amendment right to a speedy trial does not arise until charges are pending against the accused. *United States v. MacDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696, 703 (1982). Similarly, once the government, acting in good faith, formally drops the charges, the speedy trial guarantee of the sixth amendment is no longer effective. Any undue delay following the dismissal is to be scrutinized by due process standards. *Id.* The due process clause of the fifth amendment requires dismissal of the indictment if the defendant can show that pre-indictment delay caused actual prejudice to his defense and was a deliberate action by the government designed to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 481 (1971); *Puett*, 735 F.2d at 1334. We need not decide whether Robinson was actually prejudiced by dismissal of the charges because there is nothing in the record to suggest that the government delayed bringing the indictment in order to gain a tactical advantage. The district court accordingly erred in holding that Robinson's statutory and constitutional rights were violated by the failure to indict him within thirty days of his arrest.

II. *Delay Between Indictment and Trial*

Robinson contended in his renewed motion to dismiss that the government also

---

**3.** This record does not reflect whether the charges were actually "dropped." Robinson's original motion to dismiss stated, however, that the "Government 'dropped' its charges as against Defendant and stated that it did not intend to proceed with its prosecution of [the] Defendant at such time." Record, Vol. 1, at 19. In addition, the October 5, 1982 magistrate's report stated that the government orally dismissed the charges against Robinson on September 14, 1981. *Id.* at 40.

violated 18 U.S.C. § 3161(c)(1)[4] by failing to commence the trial within seventy days of his September 3, 1982 arraignment. He argues that the district court correctly dismissed the charges against him because 109 days expired between his arraignment on September 3, 1982 and December 10, 1982, the date on which he filed his renewed motion to dismiss.[5] The government maintains, though, that only forty-nine days of includable time elapsed between Robinson's arraignment and the court's January 6, 1983 order dismissing the indictment.

Section 3161(c)(1) requires that a defendant be tried within seventy days of the filing date of the information or indictment, or of the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever occurs later. The seventy-day period is not a consecutive calendar period, however. *United States v. Severdija*, 723 F.2d 791, 792 (11th Cir.1984). Rather, 18 U.S.C. § 3161(h) provides that certain periods of delay, including delay resulting from the consideration of pretrial motions, are excludable in computing the time within which the trial must commence. In this case, the district court found only nineteen days of excludable time, from October 14, 1982 to November 2, 1982, and accordingly determined that the government had not complied with section 3161(c)(1). The district court, however, apparently overlooked other periods of delay that were properly excludable under section 3161(h).[6]

Robinson was indicted on August 23, 1982 and arraigned on September 3, 1982. The Act's time limits were triggered by the arraignment and began to run on September 4, 1982, the day after the arraignment. *See Severdija*, 723 F.2d at 793 (date of arraignment is excludable); *United States v. Stafford*, 697 F.2d 1368, 1374 (11th Cir. 1983) (same). Twenty-five nonexcludable days elapsed between September 4, 1982 and September 29, 1982, when Robinson filed his first motion to dismiss. Section 3161(h)(1)(F) of the Act allows for the exclusion of all time between the filing of a motion and a hearing on or other prompt disposition of the motion. Thus, the seven-day period from September 29, 1982 through October 5, 1982, when the magistrate filed her report recommending the denial of the motion, is excludable. *See United States v. Martinez*, 749 F.2d 623, 625 (11th Cir.1984) (when judge rules on a motion by written order, prompt disposition of motion under section 3161(h)(1)(F) occurs when order is officially filed by clerk). *See also United States v. Campbell*, 706 F.2d 1138, 1143 (11th Cir.1983); *Stafford*, 697 F.2d at 1372. Six nonexcludable days elapsed between October 6, 1982 and October 12, 1982, when Robinson filed objections to the magistrate's recommendation. The district court denied the motion in an order filed for the record on October 25, 1982, thus yielding fourteen excludable days. *See* 18 U.S.C. § 3161(h)(1)(F) (*"any pretrial motion"*); *Martinez*, 749 F.2d at 625.

The first disputed period of excludable time occurred between October 14, 1982, when defense counsel contested Robinson's arraignment, and November 2, 1982, when the government provided the

---

**4.** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.
18 U.S.C. § 3161(c)(1) (1982).

**5.** The figure of 109 days is drawn from Robinson's brief. Appellee's Brief, at 18.

**6.** Robinson insists that the claims of excludable time made by the government before this court are materially different than its contentions before the district court. This argument is totally without merit. In its response to Robinson's renewed motion to dismiss, the government clearly called the district court's attention to the periods of excludable time on which it relied and on which it now rests its challenge to the district court's order. Record, Vol. 1, at 90–93.

court with evidence of the arraignment.[7] We agree with the government that this period was excludable under 18 U.S.C. § 3161(h)(1)(J) because the matter of Robinson's arraignment was under investigation by the court during this period. *See* 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"). Given that part of this period overlaps the time excludable due to the filing of Robinson's objections to the magistrate's report, only the eight additional days from October 26, 1982 to November 2, 1982 should be excluded. Thus, twenty-two days, October 12, 1982 to November 2, 1982, are excludable in computing the seventy-day period from arraignment to trial.

■ Thirty-seven nonexcludable days elapsed between November 3, 1982 and December 10, 1982, when Robinson filed his renewed motion to dismiss. The period between December 10, 1982 and January 6, 1983, when the district court filed its order dismissing the indictment is also excludable under section 3161(h)(1)(F). *See Campbell,* 706 F.2d at 1143; *Stafford,* 697 F.2d at 1372. According to our calculations, there were fifty-eight excludable days and sixty-eight nonexcludable days between Robinson's arraignment on September 3, 1982 and the district court's grant of the motion to dismiss on January 6, 1983. The nonexcludable periods were (1) between arraignment and the original motion to dismiss (twenty-five days); (2) between the magistrate's report recommending denial of the motion and the filing of the objections to that report (six days); (3) between the time of the resolution of the dispute over the arraignment and the renewed motion to dismiss (thirty-seven days). Thus, the seventy-day period mandated by section 3161(c)(1) had not expired on January 6, 1983 when the district court granted the motion to dismiss.[8]

■ Robinson's claim of constitutional infringement fares no better.[9] Fifty-eight days of delay between his arraignment and the district court's disposition of his renewed motion to dismiss are directly attributable to the court's handling of his various pretrial motions. We conclude that Robinson has not shown the prejudice necessary to establish an infringement of either his due process or speedy trial rights. *See United States v. Hernandez,* 724 F.2d 904, 906 (11th Cir.1984) (list of factors to be considered in assessing sixth amendment claim); *United States v. Greene,* 578 F.2d 648, 656 n. 8 (5th Cir.1978)[10] (defendant must show actual prejudice to establish due

7. The government claims that the period should run through November 9, 1982. On this date, a letter from defense counsel to the district judge objecting to the government's evidence of the arraignment was filed in the record. We conclude that November 2, 1982 is the more appropriate date because the court received all the information it needed to resolve the matter of arraignment by that date.

8. The government contends that two additional periods of delay were excludable in computing the seventy-day period. The first was between November 10, 1982, when defense counsel failed to appear for a calendar call, and November 22, 1982, when Robinson's lawyer first communicated with the United States Attorney after his failure to appear on November 10, 1982. The government contends that this period is excludable pursuant to section 3161(h)(1)(J) or section 3161(h)(8) because of counsel's unavailability for trial. In addition, the government maintains that the period from October 13, 1982, when the government filed its Motion for Reciprocal Discovery, to January 6, 1983 is also excludable because the defendant failed to respond to and the district court took no action on the motion. As support, the government cites *United States v. Bufalino,* 683 F.2d 639, 645–46 (2d Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983). Given our disposition of the case, it is not necessary to determine whether these periods were also excludable.

9. The district court made no findings on the purported constitutional violations. It is clear that Robinson raised the issue in the district court in his renewed motion to dismiss. Since the district court had the opportunity to address the merits of the constitutional issue, review by this court is appropriate.

10. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

process violation), *cert. denied*, 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979).

The judgment of the district court granting Robinson's motion to dismiss is REVERSED and the case is REMANDED for a trial on the merits.