**UNITED STATES of America Plaintiff**

**v.**

**Thomas Jay "T. J." HIVELY, Wesley John "Butch" Ketz, Jr. and Gary Wayne Edwards Defendants**

**No. 4:00CR00187 GH.**

United States District Court, E.D. Arkansas, Western Division.

Nov. 13, 2003.

H.E. (Bud) Cummings, United States Attorney, By Patrick C. Harris, Angela S. Jegley, and Todd Lister Newton, Assistant United States Attorneys, Little Rock, AR, for Plaintiff.

Samuel A. Perroni, Peronni, James and House, P.A., Timothy O. Dudley, Dudley & Compton, Little Rock, AR, for Defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, JR., District Judge.

Currently pending before the Court is defendant Hively's motion to dismiss the remaining charges against him based upon his contention that—before the Honorable James M. Moody recused in this matter—Judge Moody had already ruled on defendant's previously filed motion for judgment of acquittal and that such ruling likely acquitted him of some or all of the 16 counts remaining in the case.[1]

In further support of the requested relief, defendant Hively alleges:

3. Specifically, Defendant has reasonable cause to believe that, prior to Judge Moody's recusal, (1) Judge Moody had prepared a written ruling on Defendant's then-pending Motions For Judgment Of Acquittal (based upon representations of court personnel, as recited in uncontroverted affidavits) and (2) that such ruling was favorable to Defendant (based upon Judge Moody's numerous comments throughout the case regarding the weaknesses of the government's evidence on the remaining counts).

4. Defendant seeks to further substantiate this colorable double jeopardy claim via an evidentiary hearing in which Defendant intends to establish that Judge Moody had in fact prepared a written ruling acquitting Defendant of some or all of the remaining counts in the Indictment (but that such ruling had merely not yet been filed), thereby entitling him to plead such acquittals of the bar to subsequent prosecution.

5. For these reasons, Defendant respectfully requests that this Court dismiss the remaining charges against him based upon Judge Moody's previous, un-

---

1. On July 30, 2003, the undersigned entered a Memorandum Opinion and Order denying Hively's motion to dismiss and for judgment of acquittal on all remaining counts which motion was taken under submission by Judge Moody, but not ruled on at the time Judge Moody recused in this action.

On August 6, 2003, Hively appealed this order as well as another order of the Court also dated July 30, 2003, which in essence, also rejected Hively's Double Jeopardy claim. This order is referred to in succeeding paragraphs in this order.

On October 1, 2003, the United States Court of Appeals for the Eighth Circuit dismissed Hively's appeal of this Court's two orders for lack of jurisdiction.

filed decision to the extent that it granted any and all of Defendant's motions for judgment of acquittal. Defendant further requests an evidentiary hearing to conclusively resolve the issues raised in this Motion to Dismiss.

The Government's Response, in opposition to Hively's motion to dismiss some or all of the remaining counts in the indictment, asserted that Hively has no double jeopardy claim whatsoever and requested that the motion be denied as frivolous.

In response to the Government's reply, Hively requested an evidentiary hearing at the Court's earliest convenience. In response, the Government states that defendant Hively cannot produce any document which bars the prosecution of defendant and there is no reason to conduct an evidentiary hearing.

As the Government mentioned in its initial response in opposition to Hively's motion to dismiss some or all the remaining counts in the indictment, this Court, in its July 30, 2003, order addressing defendant Hively's motion to preserve previously rulings, or order nunc pro tunc and for protection against double jeopardy, made the following observation:

The Court notes that Judge Moody never issued or filed an Order addressing defendant's pending motions for judgment of acquittal. He specifically declined to issue any further orders.

An order is not valid until it has been signed by the authority designated by law for this purpose. Orders of the court are adopted by the court upon their signature. 60 CJS § 57 (2002). "A court of records has been deemed to speak only through its records, ... and thus '[a]s a general rule, an order granted on a motion should, in order to become complete and effective, be entered, filed, or made a part of the minutes or record of the court.' " ... This makes practical sense, because a judge may sign an order, but for various reasons rethink the matter and change the order before it is entered on the records or even sent to the Clerk.' *United States v. Martinez,* 749 F.2d 623, 625 (11th Cir.1984) (quoting 60 C.J.S. § 59(1) (1969)).

Here, Judge Moody only indicated that he intended to make a final ruling on the motions for judgment of acquittal and file an Order with the Clerk on May 6, 2002. There is no indication that Judge Moody had finalized his decision prior to recusing. More importantly, there is no Order, either signed or filed, which disposes of the motions. The Court cannot enter nunc pro tunc that which does not exist. Thus, defendant's request is without merit.

The Court reaffirms the two orders entered in this matter on July 30, 2003, and further finds that defendant Hively's double jeopardy motion is frivolous, dilatory and devoid of merit. See: *United States v. Grabinski,* 674 F.2d 677 (8th Cir.1982) (stating a defendant must make a colorable showing of previous jeopardy and the threat of repeated jeopardy in order to state a claim of double jeopardy). Inasmuch as this Court has carefully scrutinized the record in this action and is familiar with the objectives, facts and circumstances of the case, the Court denies Hively's motion for an evidentiary hearing. See: *United States v. Curry,* 328 F.3d 970 (8th Cir.2003) (stating that "no rule of law requires a hearing in this sort of case where the relevant facts can be ascertained from the record"). Accordingly, Hively's requests for an evidentiary hearing and dismissal of the remaining charges are denied.