[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10748
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80171-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL WINSTON ELLIS,
agent of Hubert Simms,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2014)

Before WILLIAM PRYOR, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:


Carl Winston Ellis was convicted by a jury of attempting to illegally reenter the United States, having previously been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). Ellis was first deported in 1999 and, in 2000, was convicted of illegally re-entering the United States.

Ellis was charged with that offense after United States Customs and Border Protection agents responded to a distress call, on August 8, 2013, about a boat that was dead on the water off the coast of Florida. Agents found Ellis and 14 others (including a young child) on the boat. At the time, Ellis told the agents that the boat came from Freeport, Bahamas, and that he and the other passengers were out fishing. The agents, however, found no fishing equipment on board. Instead, they observed that many of the passengers were traveling with plastic bags containing personal items, large amounts of money, and their passports. Some passengers told the agents that they were traveling to the United States. No one on the boat had authorization to enter the United States.

Ellis appeals the district court's denial of his motion to dismiss the indictment due to an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161,

2

*et seq.*, and appeals three of the court's evidentiary rulings.  He also argues that the court should have dismissed the indictment because of an alleged violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  Ellis testified at his trial.  No challenge is made to the sufficiency of the evidence to support a conviction. We affirm the conviction.

Motion to Dismiss

On appeal, Ellis argues that the speedy-trial period commenced on 7 September 2013, the day after his initial appearance.  The day of his arraignment was excluded, and the period was paused on 30 September, when he filed a motion to retain an investigator.  He maintains that the speedy-trial period resumed on 15 October 2013, the day after the court signed an order granting the motion, and that the period ended on 8 December, the day before he filed his motion to dismiss the indictment.  The court denied the motion to dismiss at trial, on 10 December 2013.  As such, Ellis contends a total of 77 includable days elapsed between 7 September and the commencement of trial.

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public

3

trial."  U.S. Const. amend. VI.  The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*,

provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

"We review the district court's construction and interpretation of the Speedy

Trial Act *de novo*."  *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997).

We review the district court's factual determinations on what constitutes

excludable time under the Speedy Trial Act for clear error.  *Id.*

The date on which the defendant was arraigned is excludable from the

statutory speedy-trial period.  *See United States v. Severdija*, 723 F.2d 791, 792-93

(11th Cir. 1984).  In addition, any period of delay resulting from "any pretrial

motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion" is excludable.  18 U.S.C.

§ 3161(h)(1)(D).  We have concluded that, when a judge rules on a motion by

written order, the motion has not been promptly disposed of under § 3161(h)(1)(D)

-- even though the order is signed by the judge -- until it is officially filed by the

clerk of the court, provided such filing occurs in due course.  *See United States v.*

*Martinez*, 749 F.2d 623, 625 (11th Cir. 1984).

4

Here, the district court did not err in denying Ellis's motion to dismiss the indictment: no violation of the Speedy Trial Act occurred. Ellis incorrectly concluded that the district court disposed of his motion for authorization to retain an investigator on 14 October 2013. While the district court signed its order granting the motion on 14 October, the clerk did not file the order until 28 October 2013. No one has contended that the filing was not in due course. Pursuant to *Martinez*, the court disposed of the order, for the purpose of calculating the speedy-trial period, on 28 October. *See* 749 F.2d at 625. As such, four days elapsed from 7 September, the day after Ellis's initial appearance, through 10 September. Ellis was arraigned on 11 September, which was excluded. *See Severdija*, 723 F.2d at 792-93. Eighteen days elapsed from 12 September through 29 September, the day before Ellis filed his motion to retain an investigator; and 41 days elapsed from 29 October, the day after the clerk filed the order granting Ellis's motion, through 8 December, the day before Ellis filed his motion to dismiss. The resulting total is 63 days, which is within the statutory speedy-trial period.[1]

---

[1] On appeal Ellis and the government dispute whether the time pending on a motion filed by the government to reschedule trial to begin on 10 December 2013, which the district court granted, was excludable from the speedy-trial period. Because the elapsed time, including the pendency of that motion, was less than 70 days, we do not decide the question about whether the government's motion may have paused the speedy-trial clock.

Evidentiary Rulings

Ellis argues on appeal that the district court abused its discretion by admitting (i) evidence that Shane Rolle, the captain of the pertinent boat in this case, had a prior conviction for alien smuggling; (ii) testimony by Kemar Clarke, a passenger on the boat, that Derrick Singh, another passenger, said Singh was traveling to the United States; and (iii) an affidavit from a Canadian official stating that Ellis had been deported from Canada in 2011 because of a Canadian conviction for trafficking in narcotics.  Ellis also contends, for the first time on appeal, that the court's admission of the Canadian affidavit violated the Sixth Amendment Confrontation Clause.  Furthermore, he argues that the cumulative effect of the three alleged evidentiary errors warrants reversal of his conviction.

(i)    Rolle's prior conviction for alien smuggling

Ellis argues on appeal that Rolle's prior conviction was not relevant because the government was unable to offer evidence that Ellis knew about it.  He also contends that, because the evidence lacked probative value, the danger that the jury improperly considered it in deciding to convict him was overwhelming and unfairly prejudicial.

6

We review a district court's decision to admit evidence for abuse of discretion. *United States v. Jimenez*, 224 F.3d 1243, 1249 (11th Cir. 2000). We will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir.), *corrected by* 194 F.3d 1186 (11th Cir. 1999). "An error is harmless unless there is a reasonable likelihood that [it] affected the defendant's substantial rights." *Id.* (quotation omitted); *see also* Fed.R.Crim.P. 52(a). An erroneous admission of evidence does not warrant reversal if it "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir. 1992). We determine whether an error had substantial influence on the outcome by examining "the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of [the] defendant's guilt," *United States v. Reed*, 700 F.2d 638, 646 (11th Cir. 1983). The doctrine of cumulative error allows remand for a new trial even if the errors, considered individually, would not merit a new trial. *See United States v. Capers*, 708 F.3d 1286, 1299 (11th Cir. 2013).

The Federal Rules of Evidence provide that all relevant evidence is admissible, unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed.R.Evid. 402. Evidence is relevant if it has some tendency to make

7

a fact more or less probable than it would be without the evidence and if the fact is of consequence in determining the case. Fed.R.Evid. 401.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of a crime may not be admitted to prove a person's character to show that, on a particular occasion, the person acted in accordance with his character. Fed.R.Evid. 404(b)(1). But such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). We have said that a crime committed by someone other than the defendant does not implicate Rule 404(b) and is admissible if its relevance outweighs its prejudicial effect pursuant to Fed.R.Evid. 403. *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983); *United States v. Edwards*, 696 F.2d 1277, 1280-81 (11th Cir. 1983).

Rule 403 of the Federal Rules of Evidence provides that the district court may exclude relevant evidence if its probative value is "substantially outweighed" by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed.R.Evid. 403. We have explained that Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985). It is meant to permit the district court "to preserve the fairness of the proceedings," but "[i]t is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."

*Id.* We review the district court's determination on whether evidence is unduly prejudicial only for clear abuse. *Id.*

Here, the district court did not abuse its discretion in concluding that Rolle's prior conviction for alien smuggling was relevant. The court reasonably concluded that the conviction tended to contradict Ellis's statement to the agents who intercepted the boat that he was out fishing and that it tended to show "what he might have been up to that day." That Ellis may not have known about the conviction does not render it irrelevant.

Nor did the court abuse its discretion in determining that the relevance of Rolle's conviction outweighed any prejudicial effect it might have had on Ellis. *See Meester*, 762 F.2d at 875. The district court noted our precedent indicating that Rule 404(b) is not implicated by admission of evidence of a crime committed by someone other than the defendant, *Morano*, 697 F.2d at 926; *Edwards*, 696 F.2d at 1280-81, and the court concluded that the pertinent conviction was not otherwise unduly prejudicial to Ellis. Ellis offers no convincing argument on appeal about how Rolle's conviction may have misled or confused the jury, or otherwise been prejudicial to him.

9

(ii)    Singh's statement to Clarke

Ellis argues that Clarke's testimony that Singh said he was traveling to the United States was inadmissible hearsay evidence and that it did not fall within a hearsay exception.  He contends summarily that the evidence directly impacted on the jury's decision about whether the boat was traveling from Freeport to Bimini or from Bimini to the United States.  The government argues that the statement was admissible as a coconspirator's statement, pursuant to Fed.R.Evid. 801(d)(2)(E).

The Federal Rules of Evidence generally exclude hearsay from admissible evidence.  Fed.R.Evid. 802.  Hearsay is defined as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).  A statement offered against an opposing party that "was made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay.  Fed.R.Evid. 801(d)(2)(E).

Before admitting a coconspirator's statement over an objection that it does not qualify under Fed.R.Evid. 801(d)(2)(E), a court must be satisfied a conspiracy existed involving the declarant and the non-offering party and the statement was made during and in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987).  The offering party

must prove such preliminary facts by a preponderance of the evidence. *Id.* at 176, 107 S.Ct. at 2779.

At trial, the district court, without hearing an explanation from either Ellis or the government, overruled Ellis's hearsay objection. The government did not argue before the district court that Rule 801(d)(2)(E) applied, and the district court expressed no findings bearing on the objection. In any event, the government presented other significant evidence that the boat at issue was traveling from Bimini to the United States, that Ellis knew the boat was traveling to the United States, and that Ellis intended to travel to the United States. So, any error by the district court in admitting Clarke's testimony that Singh said he was traveling to the United States was harmless.

### (iii)    Canadian affidavit

Ellis argues that the affidavit from a Canadian official stating that Ellis was deported from Canada in 2011 because of a Canadian conviction for narcotics trafficking was inadmissible hearsay and that its admission violated the Confrontation Clause. He maintains that the affidavit, which the government offered to impeach his testimony that he was deported from Canada because of his

criminal history in the United States, significantly impacted on the jury's decision to discredit his defense.

Rule 803 of the Federal Rules of Evidence provides that a record or statement of a public office is not excluded as hearsay if:

(A)    it sets out:

    (i)    the office's activities;

    (ii)    a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

    (iii)    in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B)    neither the source of information nor other circumstances indicate a lack of trustworthiness.

Fed.R.Evid. 803(8).

The Confrontation Clause provides that, "[i]n all criminal cases, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S.Const. amend. VI.  Plain-error review applies to an alleged Confrontation Clause violation, when the defendant failed to raise the objection at trial.  *United States v. Brazel*, 102 F.3d 1120, 1141 (11th Cir. 1997).  Raising a hearsay objection is insufficient to preserve a Confrontation Clause challenge. *United States v. Arbolaez*, 450 F.3d 1283, 1291 n.8 (11th Cir. 2006).  "Plain error

exists when an error is so obvious that failure to notice it would result in a miscarriage of justice." *Brazel*, 102 F.3d at 1141 (quotation omitted).

The Confrontation Clause protects a defendant's right to confront those persons who make "testimonial" statements against him. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309-10, 129 S.Ct. 2527, 2531, 174 L.Ed.2d 314 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). Testimonial statements may include statements that declarants would reasonably expect to be used prosecutorially, including *ex parte* in-court testimony or its functional equivalent, such as affidavits. *Crawford*, 541 U.S. at 51, 124 S.Ct. at 1364.

The Confrontation Clause prevents the admission of testimonial hearsay against a criminal defendant, unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Id.* at 53-54, 68, 124 S.Ct. at 1365-66, 1374. The Sixth Amendment right to confrontation is not absolute. *United States v. Deeb*, 13 F.3d 1532, 1537 (11th Cir. 1994). As such, the harmless error doctrine applies in the confrontation context. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986). Whether the error is harmless depends on many factors, including the importance of the testimony to the government's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony on material

13

points, and the overall strength of the government's case.  *Id.*

Here, we conclude that any error by the district court in admitting the Canadian affidavit was harmless.  The government presented other significant evidence of Ellis's guilt of the charged offense and impeaching him as a witness. Given the weight of the valid evidence in this case, Ellis also has not convinced us that the cumulative effect of supposed errors in this case warrants reversal of his convictions.

## Alleged *Brady* Violation

Ellis argues on appeal that the government violated *Brady* by failing to inform him earlier that Singh told immigration officials on 8 October 2013 that Singh was traveling on the boat at issue in this case to attend a reggae show in Bimini.  Singh was deported from the United States to Jamaica on 31 October, and the government did not inform Ellis of the exculpatory statement until 6 November 2013.  Ellis maintains that he was unable, with the help of an investigator, to locate Singh in Jamaica before the commencement of trial and that he was therefore deprived of the opportunity to explore and to introduce Singh's testimony, which would have corroborated Ellis's defense.

14

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196-97. To establish a *Brady* violation, the defendant must show that (1) the government possessed evidence favorable to him; (2) he did not possess the evidence, nor could he obtain it himself with reasonable diligence; (3) the government suppressed the evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). "Materiality is a function of the strength of the government's case." *United States v. Burroughs*, 830 F.2d 1574, 1579 (11th Cir. 1987).

*Brady* issues usually arise when the defendant learns, after trial, of information that was known to the prosecution but unknown to the defense.

15

*See Agurs*, 427 U.S. at 103, 96 S.Ct. at 2397. In *United States v. Kubiak*, we concluded that no *Brady* violation occurred where (i) the prosecution informed the defendant, before trial, that it had taken a statement from a coconspirator that contained evidence favorable to the defense; (ii) the defense took no act to obtain the evidence; (iii) during trial, the trial court, *sua sponte*, ordered the government to turn the coconspirator's statement over to the defense; and (iv) the defense did not move for a continuance, request a recess, introduce the coconspirator's statement into evidence, or call the coconspirator as a witness. 704 F.2d 1545, 1550 (11th Cir. 1983). We concluded that the defense's conduct undercut the argument that the defense was prejudiced by the government's failure to provide the evidence earlier. *Id.*

Ellis has not demonstrated a reasonable probability that Singh's testifying would have altered the outcome of his trial. For one thing, the date Singh referenced in the statement at issue was inconsistent with the date in the indictment. Second, if Singh had testified at trial consistently with the statement at issue, the government could have impeached him with Singh's earlier statement that he was traveling on 7 August 2013 from Bimini to the United States, with Clarke's testimony that Singh said he was traveling to the United States, and with Ellis's testimony that he and Singh were detained together and that Ellis helped Singh contact his family. Moreover, Ellis's failure -- once he did know of the

pertinent statement before trial -- to request a continuance to locate Singh and failure to introduce Singh's statement into evidence undercuts his argument that he was actually prejudiced by the government's failure to provide the statement earlier. *See Kubiak*, 704 F.2d at 1550.

**AFFIRMED**.