**UNITED STATES of America, Plaintiff,**

v.

**Gustavo GOMEZ–VILLAMIZAR, Defendant.**

**Crim. No. 90–0352CCC.**

United States District Court, D. Puerto Rico.

May 10, 1991.

---

Daniel F. López–Romo, U.S. Atty. by Epifanio Morales–Cruz, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Aida M. Delgado–Colón, Acting Federal Public Defender by Miguel A. Nogueras, Asst. Federal Public Defender, Old San Juan, P.R., for defendant.

### ORDER

CEREZO, District Judge.

This action is before us on defendant's Motion to Dismiss for Speedy Trial Violation filed on April 25, 1991 (docket entry 22), which was opposed by the government on May 2, 1991 (docket entry 23).

Both parties have carefully analyzed the travel of the case in an effort to support their respective positions of whether or not the number of non-excludable days exceeded the seventy (70) days allowed by law. Defendant calculates that the period was exceeded by 17 days; the government, on the other hand, contends that only 56 non-excludable days had elapsed.

In reviewing both parties' analyses, along with the docket and record in this case, we note that the major bone of contention is the period from December 18, 1990 through February 28, 1991 during which the Motion to Dismiss, filed on November 30, 1990 and the government's response filed on December 10, 1990, was referred to the U.S. Magistrate for report and recommendation. The docket reveals that no hearings were held, nor were there any further submissions made, during that time frame, so that we must consider that the matter was "under advisement" for the entire period of 72 days.

Title 18 U.S.C. § 3161(h)(1)(J) provides as excludable:

delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court. (Emphasis ours.)

■ The statutory limit of thirty (30) excludable days for taking a motion under advisement after receiving all materials needed to decide it applies to decisions by Magistrates. *United States v. Long*, 900 F.2d 1270, 1275 (8th Cir.1990).

■ Inasmuch as the Magistrate failed to set forth, either orally or in writing, reasons for finding that the ends of justice would be served by the delay, as required by Section 3161(h)(8), we find that 42 of those days must be considered as not excludable.[1]

Without analyzing each party's entire calculation of the excludable time in this case, we find that there was a Speedy Trial Act violation, and proceed from the defendant's claim that the excludable period was exceeded by 17 days. Accordingly, our focus must turn to whether the dismissal necessarily resulting from this violation, pursuant to 18 U.S.C. § 3162(a)(2), should be with or without prejudice. Said section states that:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice.

Case law has defined these important factors: the reasons for the delay, the length of the delay, the defendant's assertion of his right to a speedy trial, the prejudice to the defendant, and the assertion of the right, *see Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Columbo*, 852 F.2d 19 (1st Cir.1988). Additionally, *Barker* sets out that courts must approach speedy trial cases on an *ad hoc* basis, applying a balancing test to the analysis of the various factors. *See Barker, supra,* 407 U.S. at 530, 92 S.Ct. at 2191. It is with this balancing in mind that we weigh the factors before us.

---

1. We note that the government, in its opposition, does not address this issue at all, calculating the entire term as excludable.

*Seriousness of the Offense:* Defendant is charged under 21 U.S.C. § 841(a), 952(a) and 955 with the importation and possession with intent to distribute approximately two (2) kilos of cocaine. That this must be considered as a very serious crime is demonstrated by the stiff penalties and presumptions of dangerousness of the individual to other persons and to the community mandated by Congress. We do not believe that defendant's mature age and health problems lessen this seriousness.

*Reasons for the Delay:* The circumstances leading dismissal cannot be attributed to dilatory tactics or negligence on the part of the prosecutor. The dismissal was the result of an unexcusable delay by the Magistrate in issuing his report and recommendation, compounded by the miscalculation of the deadline[2] by the Clerk's Office. There is nothing before us to question the government's assertion of good faith reliance on the Clerk's computation.

*Prejudice to the Defendant:* In considering the prejudice factor, the Supreme Court in *Barker*, at 532, 92 S.Ct. at 2193, stated as follows:

> A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

Pretrial incarceration was not a factor present in either the *Barker* or *Columbo* cases inasmuch as the defendants were out on bond. Accordingly, it was not considered as a prejudicial factor in those cases. If, however, the delays in those cases, more than 4 years and 2 years respectively, had occurred with a detained defendant, such delay would obviously have been unconscionable. In the case at bar, the delay of seventeen (17) days, although of some consideration to plaintiff's favor, does not weigh heavily, when balanced with the seriousness of the crime and reason for the delay. While pretrial incarceration ordinarily causes hardship and anxiety, defendant has not alleged any undue prejudice beyond what could normally be expected; neither does he present any facts which could suggest undue prejudice to his defense, due to the delay.

We do not believe that failure of defendant to assert his right to a speedy trial is a factor to be given consideration here. In both *Barker* and *Columbo* where defendants were released on bond, it may well have been part of the defense strategy to postpone trial as long as possible, and, therefore, weigh heavily against those defendants. Such is not the case here. We do note, however, that there is nothing to indicate that defendant objected to the May 3, 1991 trial setting ordered on March 25, 1991.

In conclusion, the Court finds that the seriousness of the crimes charged, and the fact that the delay was not caused by the government's actions, balanced against the minimal prejudice to the defendant caused by the delay of seventeen (17) days weighs in favor of a dismissal without prejudice. Judgment will be entered accordingly.

SO ORDERED.

---

**2.** The government, as part of its response submitted a printout from the Clerk's Office case management system, dated April 26, 1991, which erroneously indicates that the deadline was May 15, 1991, twelve (12) days after the scheduled date of trial. A note in the record indicates that on March 21, 1991 the speedy trial deadline was calculated as May 11, 1991, the basis upon which the Court set the trial.