**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dana Troy ANDRESS, Defendant–
Appellant.**

**No. 90–6427.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 9, 1991.

Decided Aug. 30, 1991.

---

Algert S. Agricola, Jr., Montgomery, Ala., for defendant-appellant.

John Fowlkes, Memphis, Tenn., for U.S.

Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge [*].

---

[*] Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michi-

MILBURN, Circuit Judge.

Defendant Dana Troy Andress appeals his conviction and sentence for attempting to possess 3200 dosage units of LSD with intent to distribute them, a violation of 21 U.S.C. § 846. The issues in this appeal are (1) whether defendant's speedy trial rights were violated because more than seventy non-excludable days elapsed between the date of his indictment and his trial, and (2) whether the defendant was deprived of his right to due process of law when the weight of the blotter paper medium was included in the total weight of the LSD for purposes of calculating defendant's sentence. For the reasons that follow, we affirm.

I.

The essential facts of this case are not disputed. On January 3, 1990, an indictment was returned against defendant for attempting to possess LSD with intent to distribute it. At the time of his arraignment on January 10, 1990, the magistrate ordered that pretrial motions be filed within fifteen days. No motions were filed within that time limit, but on February 13, 1990, defendant filed a motion to suppress statements. The district court referred the matter to the United States Magistrate, and the magistrate heard defendant's motion on March 29, 1990. The magistrate filed his report and recommendation in the district court on June 12, 1990, recommending that defendant's motion to suppress statements be granted, and on June 21, 1990, the government filed objections to the magistrate's report. On July 3, 1990, defendant filed his responses to the government's objections, and on July 9, 1990, the district court entered an order granting defendant's motion to suppress statements.

On the morning of trial, August 6, 1990, defendant filed a motion to dismiss the indictment, alleging that his rights under the Speedy Trial Act, 18 U.S.C. § 3161, had been violated because he had not been tried within the seventy days allowed by the Act.

gan, sitting by designation.

The district court denied this motion, and a jury convicted defendant of the offense in question.

During the trial, a forensic chemist testified that the blotter paper introduced into evidence against defendant contained LSD and weighed 20.87 grams. He also testified that a procedure existed by which pure LSD could be extracted from the blotter paper and weighed. The district court sentenced defendant to 121 months of incarceration on the basis of the combined weight of the LSD and its medium, the blotter paper, and this timely appeal followed.

## II.

### A.

■ Defendant argues that the time between the filing of the magistrate's report and recommendation on June 12, 1990, and the filing of the government's objections to that report and recommendation on June 21, 1990, or a total of eight days, should not have been excluded from the speedy trial calculations made by the district court. The district court concluded that this period of time was "excludable delay" under 18 U.S.C. § 3161(h)(1)(F). This is a legal conclusion as to the meaning of subsection (h)(1)(F) which is reviewable de novo. *United States v. Karsseboom,* 881 F.2d 604, 606 (9th Cir.1989); *United States v. Sangineto–Miranda,* 859 F.2d 1501, 1512 (6th Cir.1988); *United States v. Nesbitt,* 852 F.2d 1502, 1512 (7th Cir.1988), *cert. denied,* 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989); *Loudermill v. Cleveland Bd. of Educ.,* 844 F.2d 304, 308 (6th Cir.), *cert. denied,* 488 U.S. 946, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988); *United States v. Fielding,* 645 F.2d 719, 721 (9th Cir.1981) (per curiam).

In this case, the district court referred the defendant's motion to suppress statements to the magistrate pursuant to 28 U.S.C. § 636(b), which provides that a magistrate may conduct evidentiary hearings and submit proposed findings of fact and recommendations; *i.e.,* a "Report and Rec-

ommendation," to the district judge. It goes on to provide:

> Within ten days after being served with a copy [of the report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1).

At issue in this case is the excludability of the ten days allowed by the statute for the filing of objections to a magistrate's report and recommendation. In this case, the government filed its objections within eight days, and thus, the precise question is whether those eight days are to be treated as excludable delay for purposes of the Speedy Trial Act.

18 U.S.C. § 3161(h) provides two different periods of excludable delay relevant to this case.

> The following periods of delay shall be excluded in computing the time ... within which the trial of any ... offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> .     .     .     .     .
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> .     .     .     .     .
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

The district court excluded all the period of time from the filing of defendant's motion on February 13, 1990, to the entry of the district court's order granting the motion on July 9, 1990, under 18 U.S.C. § 3161(h)(1)(F) ("subsection F"). Defendant argues that this was improper and cites *United States v. Thomas*, 788 F.2d 1250, 1257 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986), in support of his theory.[1] In *Thomas*, the Seventh Circuit held that the speedy trial clock, which is stopped while a magistrate has a defendant's motion under advisement, begins to run again as soon as the magistrate files his report and recommendation with the district court. Thus, the period of time allowed for the filing of objections to the report and recommendation was not treated as excludable delay in *Thomas* because it occurred after the filing of the report and recommendation. The court held that the clock would be considered to stop again only when and if a party actually filed objections. The court reasoned that if a party filed objections, the matter could be considered to be "under advisement" by the district court, and a new period of excludable delay of up to thirty days would begin to run under 18 U.S.C. § 3161(h)(1)(J) ("subsection J"). Defendant urges the adoption of the rule in *Thomas* insofar as it holds that the time between a magistrate's filing of his report and recommendation and the filing of objections to the report should not be considered excludable delay.

In response to defendant's arguments, the government relies on *United States v. Long*, 900 F.2d 1270 (8th Cir.1990), in which the Eighth Circuit held that

> [t]he issuance of the report and recommendation began a new excludable period under section 3161(h)(1)(F). The magistrate is required to file the report and recommendation with the district court, and the parties must file their objections to it within 10 days. The district court is required to rule on any objections. The filing of the report and recommendation,

therefore, in essence serves to re-file the motions, together with the magistrate's study of them, with the district court. Under section 3161(h)(1)(F), this filing tolls the 70-day count until the district court holds a hearing or has all the submissions it needs to rule on the motions. *Id.* at 1275. Thus, *Long* holds that a new period of excludable delay begins under subsection (F) at the filing of the magistrate's report and recommendation. The seventy-day count remains stopped until the district court, before whom the motion is pending, receives all the submissions it may expect, including materials such as objections. When these have been filed, a new period of excludable delay begins; *i.e.,* the thirty days allowed for having a motion under advisement as provided for in subsection (J).

In *Long* the parties were ordered to file additional memoranda *after* the magistrate's hearing, but they did so *before* the magistrate filed his report and recommendation. Although the facts in *Long* are somewhat different from those in this case, *Long* holds that the filing of a report and recommendation begins a new period of excludable delay under subsection (F) for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

The Supreme Court has not dealt directly with this issue, but in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), it considered the question of "whether subsection (F) excludes time after a hearing on a motion but before the district court receives all the submissions by counsel it needs to decide that motion." *Id.* at 330, 106 S.Ct. at 1877. Although it found the language of subsection (F) to be unclear on this point, the Court held that the provisions of the Speedy Trial Act were designed to "exclude all time that is consumed in placing the trial court in a position to dispose of a motion." *Id.* at 331, 106 S.Ct. at 1877.

---

1. Defendant also cites *United States v. Robinson*, 767 F.2d 765, 769 (11th Cir.1985). In *Robinson*, the court apparently applied a theory similar to the one in *United States v. Thomas* but without any explanation of its reasoning.

After noting that district courts often find it impossible to resolve motions until the parties have submitted post-hearing briefs or additional memoranda, the Court stated:

> It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and thirty days after the motion is taken under advisement, but not the time during which the court remains *unable to rule* because it is awaiting the submission by counsel of additional materials. Moreover, for motions decided solely on the papers, Congress has allowed exclusion of time during which the parties are filing their briefs. It is consistent with this exclusion to exclude time when the court awaits the briefs and materials needed to resolve a motion on which a hearing has been held—motions that the Senate Judiciary Committee recognized as typically more difficult than motions decided on the papers. We therefore hold that subsection (F) excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion.

*Id.* (citations omitted) (emphasis added).

In *Henderson*, the district court had made no reference of issues to the magistrate, and the Supreme Court, therefore, did not consider what effect such a procedure would have had on the case. In the situation in which a motion has been referred to a magistrate under 28 U.S.C. § 636(b), the district judge is required by statute to make a de novo review of the magistrate's report and recommendation when an objection or objections have been made to the report and recommendation. Section 636(b) also provides that the parties shall have ten days from the receipt of the magistrate's report and recommendation in which to file objections. The district court is "unable to rule" on the report and recommendation until it has the parties' objections in hand. Therefore, under the principle announced in *Henderson*, the period of time between the filing of a magistrate's report and recommendation and (1) the filing of objections by counsel, if any, or (2) the lapsing of ten days should be treated as excludable delay under subsection (F).

We hold that a new period of excludable delay under subsection (F) begins immediately upon the filing of the magistrate's report and recommendation. That period of excludable delay lasts only until the parties file objections or the ten days allowed for filing objections elapse. At that point—when the district court has before it all the materials it is due to receive—a new period of excludable delay begins; *viz.,* thirty days under subsection (J) within which a motion may be kept under advisement.

In our view, our holding is preferable to the rule in *Thomas*, whose premise is that motions as to which a report and recommendation have been filed are "no longer under active consideration...." 788 F.2d at 1257. Thus, *Thomas* treats the issue as one to be decided under subsection (J), which provides excludable delay for motions "under advisement." Because the district court has full power to accept, reject, or modify, in whole or in part, the report and recommendation under 28 U.S.C. § 636(b), whether objections are filed or not, it appears to us that the district court, even under a subsection (J) analysis, necessarily has the report and recommendation under advisement and, therefore, the premise in *Thomas* is questionable. In any event, the Supreme Court in *Henderson* held that periods of time in which a court awaits post-hearing submissions are excludable under subsection (F), not (J), and we believe that analysis should govern in this situation.

### B.

■ Defendant argues that he was deprived of due process of law when the district court calculated his sentence under the United States Sentencing Commission Guidelines by taking into consideration the weight of the blotter paper medium as well as the pure LSD deposited on it. This is a question of law reviewable de novo. *Loudermill v. Cleveland Bd. of Educ.,* 844 F.2d 304, 308 (6th Cir.), *cert. denied,* 488 U.S. 941, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988).

The pertinent statute, 21 U.S.C. § 841(b), provides certain punishments for varying amounts of "a mixture or subtantance containing a detectable amount of lysergic acid diethylamide (LSD)," and the issue has arisen in many of the circuits as to whether the statutory language permits the inclusion of the medium—blotter paper, in this case—in the total weight of the controlled substance for purposes of calculating sentence under United States Sentencing Commission, Guidelines Manual, § 2D1.1(c).

In this circuit it has been decided in *United States v. Elrod,* 898 F.2d 60 (6th Cir.) (per curiam), *cert. denied,* — U.S. ——, 111 S.Ct. 104, 112 L.Ed.2d 74 (1990), a case in which we held that "the total weight of 'a mixture or substance containing a detectable amount of' LSD, not the amount of pure LSD, is the relevant weight for sentencing purposes." *Id.* at 61.

The Supreme Court has recently taken the same view. In *Chapman v. United States,* — U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), the petitioners claimed that blotter paper was only a carrier medium and that its weight should not be included in the weight of the drug for sentencing purposes. Alternatively, petitioners argued that the inclusion of the blotter paper or other carrier medium in the calculations of the weight of the drug would violate their rights to equal protection incorporated in the Due Process Clause of the Fifth Amendment. The Supreme Court held "that it is the weight of the blotter paper containing LSD, and not the weight of the pure LSD, which determines eligibility for the minimum sentence." *Id.* 111 S.Ct. at 1922. The Court concluded by stating:

> We hold that the statute requires the weight of the carrier medium to be included when determining the appropriate sentence for trafficking in LSD, and this construction is neither a violation of due process, nor unconstitutionally vague.

*Id.* at 1929. Thus, the Supreme Court, like this court, has squarely rejected defendant's contentions with regard to his sentencing.

III.

For the foregoing reasons, the judgment and sentence of the district court are AFFIRMED.