UNITED STATES of America, Plaintiff,

v.

Ronde SIMMONS, Defendant.

No. 97–M–649.

United States District Court,
W.D. New York.

Feb. 6, 1998.

Christopher Taffe, Rochester, NY, for Plaintiff.

William Clauss, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Defendant, Ronde Simmons ("Simmons"), is charged in a felony complaint with armed bank robbery. United States Magistrate Judge Jonathan W. Feldman ordered Simmons to be examined to determine his competency to understand the charges against him and to assist in his defense. A report was submitted to Magistrate Judge Feldman concerning Simmons' competency pursuant to 18 U.S.C. § 4247(b) and (c).

Thereafter, Magistrate Judge Feldman held a competency hearing. At that hearing, the doctor who evaluated Simmons at the Federal Medical Center testified concerning her report and evaluation of Simmons. At the conclusion of the hearing, the Magistrate Judge issued a detailed Report and Recommendation, filed January 2, 1998, finding Simmons competent to stand trial and assist in his defense.

The parties apparently stipulated that the Magistrate Judge had authority to determine the issue of competency and they proceeded on that basis. Out of an abundance of caution, however, Magistrate Judge Feldman submitted his decision in the form of a Report and Recommendation to the District Court. The defendant has not filed any objections to the Report and Recommendation of Magistrate Judge Feldman and the time for submitting objections has passed.

Magistrate Judge Feldman's Report and Recommendation sets forth in great detail the basis for his conclusion that Simmons is competent to understand the nature of the charges and assist in his defense. The Magistrate Judge referenced several portions of the report which discussed Simmons' illness, his need to take medication and his understanding of the charges and proceedings against him. Based on all this information, I concur with the Magistrate Judge's Report and Recommendation and adopt it.

## CONCLUSION

I affirm and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman, filed January 2, 1998. Based on that Report and Recommendation, I find the defendant, Ronde Simmons, competent to stand trial as defined at 18 U.S.C. § 4241.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

FELDMAN, United States Magistrate Judge.

Defendant Ronde Simmons (Simmons), through counsel, seeks a judicial determination pursuant to 18 U.S.C. § 4241 that he is incompetent to stand trial. For the reasons set forth below, it is my Report and Recommendation that Simmons's request be denied.

### FACTUAL BACKGROUND

The defendant is charged by way of felony complaint with armed bank robbery in violation of 18 U.S.C. § 2113(a). (Docket # 1). On the Court's own motion, Simmons was ordered to be examined at a suitable federal medical facility to determine whether he was presently suffering from a mental disease or defect that would render him incompetent to understand the nature and consequences of the proceedings against him or unable to assist properly in his own defense. (Docket # 2). Simmons was thereafter transported to the United States Medical Center at Springfield, Missouri where he was observed, tested and evaluated for 57 days. A medical report (hereinafter the "Report") concerning the defendant's competency was prepared and submitted pursuant to 18 U.S.C.

§ 4247(b) and (c). (Docket # 4). Christina A. Pietz, Ph.D. evaluated Simmons while he was confined at the federal medical center and authored the competency Report that has been submitted to the Court. Dr. Pietz's Report was distributed to both the government and defense counsel.

On December 15, 1997, a competency hearing was held before this Court. By stipulation of the parties, Dr. Pietz's testimony was received and considered by the Court as expert testimony within the meaning of Rule 702 of the Federal Rules of Evidence (*see* Government Exhibit "2") and her report was admitted into evidence in lieu of her direct testimony. Thereafter, Dr. Pietz was extensively cross-examined by defense counsel at the hearing.

### DISCUSSION

■ Simmons is competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *United States v. Nichols,* 56 F.3d 403, 410 (2d Cir.1995) (internal quotations and citations omitted). Mental illness is not the legal equivalent of incompetency. Rather, the mental illness must deprive the defendant from being able to either (1) consult with counsel with a reasonable degree of rational understanding or (2) exercise factual and rational understanding of the proceedings against him. *Id.* at 412. While past psychiatric problems are relevant, *"[t]he question of competency to stand trial is limited to the defendant's abilities at the time of trial."* *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986) (emphasis added), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 888, 93 L.Ed.2d 841 (1987).

■ Under 18 U.S.C. § 4241(d), the hearing court must find "by a preponderance of the evidence" that the defendant is not competent to stand trial. The burden to prove a lack of competence is on the defendant. *See Cooper v. Oklahoma,* 517 U.S. 348, 116 S.Ct. 1373, 1380, 134 L.Ed.2d 498 (1996) (in upholding Oklahoma statute that presumed a defendant competent unless he rebutted the presumption, Supreme Court commented that under § 4241 "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence").

■ Based on the foregoing standards, this Court concludes that Simmons is presently competent to stand trial. My recommendation is based primarily on the evaluation of the defendant by Dr. Pietz who is an experienced and qualified expert, having conducted over 300 forensic evaluations, approximately half of which specifically concerned the competency of a criminal defendant. After a thorough evaluation and examination, Dr. Pietz found Simmons competent to stand trial. Her prognosis of Simmons was as follows:

> Although he suffers from paranoid schizophrenia, his mental disorder is in remission due to medication. It should be noted, however, that predictions concerning his future mental state and behavior are more difficult. A review of Mr. Simmons's records and based on his self-report, indicated that in the past he has sporadically complied with his recommended treatment. Should Mr. Simmons choose not to take his medication or if staff at his designated holding facility chose to change his medication, there is a strong likelihood that Mr. Simmons will decompensate to the point where he would no longer be competent to stand trial. It is recommended that Mr. Simmons's court proceedings be expedited to prevent this from occurring.

Report of Christina A. Pietz, Ph.D., at page 11.

There is no question that Simmons is an individual with a long history of paranoid schizophrenia, *See* Defense Hearing Exhibits "B", "C", "D", "F", "G", "H", "I", "J", and "P", who has been hospitalized on numerous occasions after experiencing delusions and paranoia. Moreover, on several occasions he has been found not guilty of serious criminal charges by reason of insanity. Indeed, as Dr. Pietz noted in her Report, upon Simmons's initial confinement at Springfield for purposes of this Court ordered evaluation, he exhibited psychotic symptoms and auditory hallucinations.

However, as Dr. Pietz also notes in her Report, Simmons admitted that he has not consistently taken his prescribed psychotropic medications and that the medications relieved his psychotic symptoms. Once Simmons voluntarily began taking the medications again, Dr. Pietz noted that the symptoms of paranoid schizophrenia went into remission and his behavior during the remainder of the evaluation period was entirely appropriate. Dr. Pietz found Simmons able to understand the nature of the pending bank robbery charges and the potential penalty he faces if convicted. She also found that Simmons was able to accurately describe the roles of the various participants in the justice system.

Defense counsel however relies on the defendant's memory loss to support his contention that Simmons is unable to assist him in defending the charges. He points to portions of interviews and psychological testing where Simmons claimed to have no memory of the bank robbery for which he is charged. After administering a nonstandardized psychological test (known as the "Symptom Validity Checklist test") which purportedly measures whether an individual is feigning memory loss, Dr. Pietz concluded that Simmons has substantially more memory about the bank robbery charges than he was revealing. The validity of this particular test, however, was seriously called into question on cross-examination. While the Symptom Validity Checklist test may be valuable in some contexts, I agree with defense counsel that it had absolutely no usefulness in evaluating the alleged memory loss of Simmons for purposes of determining his competency to stand trial.

Dr. Pietz's opinion that Simmons was exaggerating his memory loss was based not only on the disputed test results, but also upon admissions made by Simmons to Dr. Pietz just prior to being returned to the Western District of New York. Dr. Pietz testified that during her final meeting with Simmons she reviewed with him her findings about competency, including her opinion that Simmons was feigning memory loss about the bank robbery. During this final interview, Simmons admitted that he exaggerated his lack of memory and, indeed, knew more facts about the robbery than he had initially told her. I found Dr. Pietz's testimony about her final interview with Simmons to be credible.

Moreover, even if I was persuaded that Simmons really is unable to remember the events of August 19, 1997, his lack of current memory, standing alone, does not establish lack of competence for trial. "A defendant's amnesia about events surrounding the crime will not automatically render him incompetent to stand trial." *United States v. Villegas*, 899 F.2d 1324, 1341 (2d Cir.1990), *cert. denied*, 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545. *See United States v. Rinchack*, 820 F.2d 1557, 1564, n. 8 (11th Cir.1987) (amnesia alone cannot render a defendant incompetent to stand trial); *United States v. Sullivan*, 406 F.2d 180, 185 (2d Cir.1969) (lack of memory alone is an inadequate ground for holding defendant incompetent.)

> [T]he propriety of trying a given amnesiac defendant must be determined in light of his own individual circumstances. Factors to be considered include whether the defendant has any ability to participate in his defense, whether the amnesia is temporary or permanent, whether the crime and the defendant's whereabouts at the time of the crime can be reconstructed without his testimony, whether the government's files will be of assistance in preparing the defense and whether the government's case is strong or weak.

*United States v. Villegas*, 899 F.2d at 1341. *See United States ex. rel. Parson v. Anderson*, 354 F.Supp. 1060, 1071– 1074 (D.Del.1972) (the "defendant's recollection is only one of many sources of evidence which may permit the reconstruction of a past event and that extrinsic evidence far more valuable to the defense than the defendant's own testimony may be lost by reason of death, destruction or other fortuity prior to trial"), *aff'd*, 481 F.2d 94 (3d Cir.1973), *cert. denied*, 414 U.S. 1072, 94 S.Ct. 586, 38 L.Ed.2d 479. *See generally, Amnesia: A Case Study in the Limits of Criminal Justice*, 71 Yale L .J. 109, 128 (1961) ("The plight of the amnesiac differs very little from an

accused who was home alone, asleep in bed at the time of the crime"). Although I have credited the testimony of Dr. Pietz that Simmons admitted exaggerating his alleged memory loss, the failure of Simmons to offer any evidence, expert or otherwise, on the *Villegas* factors further supports a finding that Simmons's memory loss does not render him incompetent.

■ Aside from claimed memory loss, defense counsel makes no assertion and presented no evidence that Simmons is unable to effectively communicate with counsel, unable to assist counsel or unable to understand the proceedings. "[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." *United States v. Vamos,* 797 F.2d at 1150. Finally, this Court's own observations of the defendant during court proceedings revealed no overt symptoms of psychosis, and indeed, Simmons seemed able to not only understand the nature of the proceedings, but also capable of assisting his able defense counsel.

### CONCLUSION

For the foregoing reasons, it is my Report and Recommendation that Ronde Simmons be found currently competent to stand trial.[1]

1. The instant competency determination is being made before indictment and thus prior to the issuance of a referral order pursuant to 28 U.S.C. § 636. Although both government counsel and defense counsel stipulated that this Court had the authority to determine competency to stand trial, my own research indicated the authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit. At least one court has held that implicit in Rules 5 and 5.1 of the Federal Rules of Criminal Procedure is the authority of a magistrate judge to issue pre-indictment decisions on questions of competency of a criminal defendant. "Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of the statute." *United States v. Hemmings,* 1991 WL 79586 (D.D.C.). *But see United States v. Weiss-*

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).[2]

■ The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written ob-

*berger,* 951 F.2d 392 (D.C.Cir.1991) (Magistrate Judge without authority to order competency examination without a referral order from a district judge); *United States v. Ecker,* 923 F.2d 7 (1st Cir.1991) (commitment order under 18 U.S.C. § 4241 must be reviewed by district judge in order for it to be final order appealable to the court of appeals). In light of the lack of guidance from the Second Circuit and in an abundance of caution, this Court's findings are set forth in a Report and Recommendation and not a Decision and Order.

2. Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress,* 943 F.2d 622 (6th Cir. 1991); *United States v. Long,* 900 F.2d 1270 (8th Cir.1990).

jections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

January 2, 1998.