**UNITED STATES of America, Plaintiff,**

v.

**Ismael ALFONZO–REYES and Vanessa Morales–Hernandez, Defendant(s).**

**No. CRIM. 03–124(JAG).**

United States District Court, D. Puerto Rico.

Jan. 17, 2006.

Guillermo A. Gil–Bonar, Lisa Snell–Rivera, United States Attorney's Office, Torre Chardon, San Juan, PR, for Plaintiffs.

Francisco Rebollo–Casalduc, Francisco Rebollo Casalduc Law Office, San Juan, PR, Jorge L. Arroyo–Alejandro, Jorge L. Arroyo Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 23rd, 2004, after almost seven months of trial, a jury returned guilty verdicts against Ismael Alfonzo–Reyes and Vanessa Morales–Hernandez ("the defendants") for violations of, *inter alia*, 18 U.S.C. § 1014, which makes it a federal crime "to knowingly make a false statement or report...for the purpose of influencing in any way the action of the...Secretary of Agriculture acting

through the Farmers Home Administration or successor agency..." The superseding indictment, on all counts, charged the defendants with "influencing the actions of the Secretary of Agriculture, acting through the Farm Service Agency." (Docket No. 475). The charged acts occurred from on or about September 26th, 1998 up until July, 2000.[1]

On October 18th, 2005, the defendants individually filed motions to vacate the guilty verdicts, arguing that the term "successor agency" was not added to 18 U.S.C. § 1014 until October 22nd, 1999, and thus, prior to that date, the statute only envisioned the commission of the crime of false statement to the Secretary of Agriculture acting through the Farmers Home Administration, not the Farm Service Agency. (Dockets No. 910 and 912). In other words, the defendants contend that prior to October 22nd, 1999, a false statement to the Farm Service Agency was not typified as a violation of 18 U.S.C. § 1014, and consequently, the indictment seeks to punish acts that were innocent when committed.[2]

The government counters that, while it is true that pursuant to the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994, 7 U.S.C. § 6901–7014, the U.S. Department of Agriculture underwent a change in structure, the statute did not eliminate the agency known as the Farmers Home Administration, but only granted the Secretary of Agriculture the authority to transfer its functions to a Consolidated Farm Service Agency, which the Secretary did on October 20th, 1994. *See* Criminal No. 05–258(JAG), (Docket No. 34 at 3–4).[3]

---

**1.** The Indictment was filed on April 25th, 2003 (Docket No. 2); the Superseding Indictment was filed on April 2nd, 2004. (Docket No. 475).

**2.** The defendants contend that only counts 20, 22, 59 and 60 are unaffected by this argument. (Docket No. 912 at 2, FN. 1).

**3.** The government filed a "Joint Response to Defendants' Alfonzo and Morales Motion to Vacate Convictions," (Docket No. 918) noting

The government thus asserts that the conduct charged in the indictment was not innocent prior to the 1999 amendment. Furthermore, the government supplied the Court with an unpublished Order issued by the U.S. Court for the Western District of Arkansas, where that court, relying primarily on *United States v. White,* 882 F.2d 250 (7th Cir.1989), denied a motion to dismiss the indictment based on arguments identical to those advanced here by defendants. *Id.,* Attachment # 1. Specifically, the U.S. Court for the Western District of Arkansas concluded that

> the Farm Service Agency is a covered entity within the meaning of the statute [section 1014]. The conclusion is inescapable. The statute forbids making false statements to induce an agency of the government structured under the governing head of the Department of Agriculture to lend money to make crops. The Farm Service Agency is without contradiction an agency of the Department of Agriculture and functions to make emergency loans to farmers in need. Any other construction of the statute is not tenable.

*Id.,* at page 2.

Upon review of the record, the Court finds no reason to depart from this reasoning. The purpose of 18 U.S.C. § 1014 is to protect federally affiliated lenders from fraudulent loan applications. *See* Senate Report No. 1078, U.S.Code & Admin. News 2519, 2522–23 (1964) (section 1014 was "designed primarily to apply to borrowers from federal agencies or federally chartered organizations"); *United States v. Pavlick,* 507 F.Supp. 359, 362 (M.D.Pa.1980)(section 1014 is "but one of a series of laws that relate to rather specific crimes, especially offenses against federally affiliated lenders"). It is undisputed that Congress moved to reorganize the U.S. Department of Agriculture in 1994, and as a result of that legislation, the Secretary of Agriculture transferred to the Farm Service Agency all farm related agricultural credit programs performed up to that moment by the Farmers Home Administration. However, such transfer in no way changed the underlying entity's status as a federally affiliated lender, nor placed it outside the jurisdiction of the Secretary of Agriculture.[4] Thus, the Court finds that the October 22nd, 1999 amendment to 18 U.S.C. § 1014 was limited to reflect the transfer of Farmers Home Administration's functions to a consolidated Farm Service Agency, and in no way made criminal and punishable any act that was innocent when committed, nor aggravate any crime previously committed, nor inflicted a greater punishment than the law annexed to such crime at the time

---

that the defendants' arguments are "based on the same allegations made by their co-conspirator Efrén Irizarry–Colon" and thus requested the Court to accept for purposes of this case the government's response to Irizarry–Colon's arguments in case 05–258(JAG), Docket No. 34.

**4.** 7 U.S.C. § 6932. Consolidated Farm Service Agency
  (a) Establishment
  The Secretary is authorized to establish and maintain in the Department a Consolidated Farm Service Agency.
  (b) Functions of Consolidated Farm Service Agency

If the Secretary establishes the Consolidated Farm Service Agency under subsection (a) of this section, the Secretary is authorized to assign to the agency jurisdiction over the following functions:

  .     .     .     .     .

  (3) Agricultural credit programs assigned before October 13, 1994 by law to the Farmers Home Administration (including farm ownership and operating, emergency, and disaster loan programs) and other lending programs for agricultural producers and other engaged in the production of agricultural commodities.

of its commission, nor altered the legal rules of evidence in order to convict the offenders. *Stogner v. California,* 539 U.S. 607, 612, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003); *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *Blum v. United States,* 212 F.2d 907, 911 (5th Cir.1954).[5]

In sum, the record shows that defendants, who were Farm Service Agency employees, received sufficient notice to create a reasonable expectation that their actions were covered by 18 U.S.C. § 1014. That is, defendants were aware that their activities were directed toward influencing the Secretary of Agriculture, acting through an institution of the type included in the statute. *See United States v. Lentz,* 524 F.2d 69, 71 (5th Cir.1975), citing *United States v. Sabatino,* 485 F.2d 540 (2nd Cir. 1973) (to find a violation of section 1014 "[w]e do not determine that [defendant] must know that the bank is insured by the F.D.I.C., but, at least, he must know that it is 'a bank' to which he has made the false application for a loan"). Hence, defendants' claim of *ex post facto* exposition is misplaced and, accordingly, their motions to vacate guilty verdicts are **DE-NIED.**

IT IS SO ORDERED.

---

5.  *Blum* presents a similar situation as the case at bar. There, the Fifth Circuit ruled that an amendment to a statute providing criminal sanctions for defrauding the Public Housing Administration, which merely changed the name of the United States Housing Authority to Public Housing Administration, did not, as to offense occurring before the amendment, "make criminal and punishable any act was innocent when committed, nor aggravate any crime previously committed, nor inflicted a greater punishment than the law annexed to such crime at the time of its commission, nor altered the legal rules of evidence in order to convict the offenders." *Blum,* 212 F.2d at 911.