**UNITED STATES of America, Plaintiff**

**v.**

**Efren Irizarry COLON, Defendant.**

**Criminal No. 05–258 (GAG).**

United States District Court,
D. Puerto Rico.

March 12, 2007.

Guillermo A. Gil–Bonar, Sonia I. Torres–Pabon, United States Attorney's Office, San Juan, PR, for Plaintiff.

Gary H. Montilla–Brogan, San Juan, PR, for Defendant.

## ORDER OF DISMISSAL ON SPEEDY TRIAL ACT GROUNDS

GELPI, District Judge.

The Speedy Trial Act's seventy (70) day period in which a defendant must be brought to trial has expired in this case without trial having commenced. *See* 18 U.S.C. § 3161(c)(1). Consequently, the Court is required to order the dismissal of this case. *Zedner v. United States,* —— U.S. ——, 126 S.Ct. 1976, 1990, 164 L.Ed.2d 749 (2006).

### *Relevant Procedural Background*

The defendant was arrested and arraigned on August 4, 2005 (*see* Docket Nos. 7 & 9). On October 9, 2005 defendant filed a *Motion to Compel Production of Wiretap Materials* (Docket No. 24). On October 17, 2005 he filed a Motion to Dismiss for Lack of Jurisdiction (Docket No. 27). And, on October 22, 2005 he filed a *Motion to Dismiss for Multiplicity* (Docket No. 31). The first two of these three motions were referred to a magistrate-judge for Report and Recommendation on October 20, 2005 (*see* Docket No. 29). The third motion was also referred to a magistrate-judge on October 24, 2005 (*see* Docket No. 32). On November 8, 2005, defendant filed a further *Motion to Dismiss for Multiplicity* (Docket No. 39). The same was again referred to a magistrate-judge on November 9, 2005 (*see* Docket No. 41).

The government responded to the above motions on October 17, 2005 (*see* Docket No. 28) (motion to compel); October 27, 2005 (*see* Docket No. 34)(motion to dismiss for lack of jurisdiction); and, November 8, 2005 (*see* Docket No. 40)(motions to dismiss for multiplicity). No further filings by the parties were made in regards to these motions.

The motion to compel (Docket No. 24) was ruled as moot by a magistrate-judge on March 16, 2006 (*see* Docket No. 43). A Report and Recommendation was issued as to the remaining motions on June 19, 2006 (*see* Docket No. 47). Defendant filed his objection to the report on June 21, 2006 (*see* Docket No. 48). The district judge then adopted the Report and Recommendation on August 7, 2006 (*see* Docket No. 50).

During the pendency of the defendant's motions there were no other motions or matters awaiting resolution which otherwise tolled the Speedy Trial Act clock. More so, the court never issued any findings tolling the Speedy Trial Act from the time of arraignment until the motions were denied.

On September 19, 2006 this case was transferred to the undersigned district judge (see Docket No. 19). At a status conference held on the same date, the Court, for the first time tolled the Speedy Trial Act clock due to a conflict of interest issue which was announced thereat by the prosecutor (*see* minutes of a status conference, Docket No. 53).

On January 29, 2007 defendant filed a *Motion to Dismiss the Indictment with Prejudice* (Docket No. 81), alleging among other grounds that the Speedy Trial Act was violated. The government duly opposed said motion on February 12, 2007 (Docket No. 82). Defendant argues that since the time his dismissal motions were referred to a magistrate-judge, until the district judge adopted the Report and Recommendation, in excess of seventy (70) days elapsed without trial commencing. *See* Docket No. 81 at pages 11–12. The government, contrariwise, argues that this entire period is excludable under the Speedy Trial Act. *See* Docket No. 82 at pages 9–10.

### Analysis

Motions which require no hearing, such as those at issue, only toll the Speedy Trial Act clock for thirty (30) days, from the time the court receives all reasonable expected papers. *See United States v. Rodriguez,* 63 F.3d 1159, 1163 (1st Cir.1995)(citing Sections 3161(h)(1)(F) and (J), which operate in tandem); *see also United States v. Barnes,* 159 F.3d 4, 12 (1st Cir.1998) (citing *Rodriguez* ).

In excess of the thirty (30) excludable days elapsed since the motions to dismiss were ripe for ruling by way of report and recommendation until the district judge adopted the same. At the latest, the motions were set for disposition on November 8, 2005 when the government filed its final response (*see* Docket No. 40) The Court, however, took until June 19, 2006 and August 7, 2006, respectively, to rule on the same via Report and Recommendation and then adopt the same (*see* Docket Nos. 47 and 50).

█ The government in its response to the motion to dismiss the indictment on Speedy Trial Act grounds contends that the period from the filing of the defendant's motions to dismiss until the date the district judge adopted the Report and Recommendation is entirely excludable (*see* Docket No. 82 at pages 9 and 10). The government, however, cites no authority in support of this proposition. Case law suggests the contrary. *See, e.g., United States v. Andress,* 943 F.2d 622, 626 (6th Cir.1991) (holding that a *new* period of excludable delay under subsection (F) begins immediately upon the filing of the magistrate-judge's Report and Recommendation); *United States v. Long* 900 F.2d 1270, 1275 (8th Cir.1990) (same); *United States v. Abbas,* 418 F.Supp.2d 280, 287 n. 5 (W.D.N.Y.2006) (same); *United States v. Aldahondo,* 2004 WL 170252 * 3 n. 1 (D.P.R.2004)(noting that once motion is

under advisement, magistrate judge has up to 30 excludable days to decide it); *United States v. Gomez–Villamizar,* 762 F.Supp. 1550, 1551 (D.Puerto Rico 1991)(same). To follow a rule of tolling as suggested by the government would also lead to an illogical result. If no referral of a motion is made to a magistrate-judge, a district judge only has thirty (30) excludable days under the Act. By referring the motion to a magistrate-judge, however, he would fathom a procedural loophole to this rule, providing "a blank check to consume unlimited time". *Long* 900 F.2d at 1275. Consistent with Congress' intent, a magistrate-judge, absent any findings tolling the Act, is also required to act within thirty days. *See United States v. Aquino,* 1 Fed. Appx. 26, 2001 WL 15607, *1 (2nd Cir. 2001); *United States v. Mora,* 135 F.3d 1351, 1356–1357 (10th Cir.1998); *Gomez–Villamizar,* 762 F.Supp. at 1551.

From November 8, 2005 until August 7, 2006 two hundred sixty nine (269) days elapsed. Sixty of these days are automatically excludable under Sections 3161(h)(1)(F) and (J), thirty for the magistrate judge to issue the report and recommendation, and another thirty for the district judge to rule upon defendant's objections to the same. Another two (2) days are excludable from the period when the report and recommendation was issued to the time defendant filed his objections thereto. This amounts to a total of two hundred seven (207) non-excludable days.

To this 207 day period an additional non-excludable forty three (43) days must be added, encompassing the period after the district judge adopted the report and recommendation until the September 19, 2006 status conference, when the Speedy Trial Act clock was initially tolled. (See Docket Nos. 50 and 53, respectively). And, another non-excludable period of forty four (44)

days must be added from the date on which defendant entered his appearance bond (August 26, 2005) (*see* Docket No. 20) to the date he filed his *Motion to Compel Production of Wiretap Materials* (Docket No. 24), October 9, 2005. In sum, two hundred ninety four (294) non-excludable days have elapsed under the Speedy Trial Act clock.

The government further contends in its response that the instant case is complex and was reassigned to different district and magistrate judges, therefore a tolling of the Act occurred (*see* Docket No. 82 at pages 10–11). No such court finding, however, was made prior to September 7, 2006 when the undersigned presided over a status conference. By then, the Speedy Trial period had already run out.

■ The court may at this time make retroactive tolling findings. *See Zedner*, at 1989 and n. 7 (holding that at the very least the Act requires that such findings be part of the record at the time the motion to dismiss on Speedy Trial Act grounds is decided, but that the best practice is for the court to make tolling findings on the record when a continuance is warranted). Section 3161(h)(8)(A) allows the court to exclude periods of time where "the case is so unusual and complex ... that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself", *see* Sections 3161(h)(8)(B)(ii) and (iv). The government contends that this case falls under the "complex" category. The Court disagrees. Although this case involves a plethora of documentary evidence, numerous witnesses, and will take 2–3 months to try, it is not complex from the government's viewpoint. This case is an offshoot of the principal case, 03–124(JAG), in which all but two defendants entered guilty pleas. The case was tried as to the two remaining defendants, who were convicted and sentenced. Up

until recently, the same prosecutor who tried the first case, Senior Litigation Counsel Guillermo Gil, was counsel for the government in this case. On February 14, 2007 and February 16, 2007, and after the motion to dismiss for Speedy Trial was filed, AUSAs María Domínguez and Desiree Laborde appeared as government counsel. More so, the government never requested an "ends of justice" continuance in this case under Section 3161(h)(8) to prepare for trial or any other proceedings. To the contrary, prosecutor Gil at all times stated he was prepared for trial.

From the court's perspective, the issues also were not complex as the five (5) page Report and Recommendation (Docket No. 47) evidences. The double jeopardy/multiplicity issue was disposed of based on principles of well-settled case law. The other statutory issue, though somewhat novel, had previously been ruled upon in the case of defendant's purported co-conspirators. *See United States v. Alfonzo–Reyes*, 410 F.Supp.2d 54 (D.Puerto Rico 2006); 427 F. Supp 2d 41 (D.P.R.2006).

The government further argues that the assignment of this case to different district and magistrate-judges warrants tolling of the Act. This ground must likewise be rejected. The Speedy Trial Act specifically provides that "[n]o continuance ... shall be granted because of general congestion of the court's calendar." *See* Section 3161(h)(8)(c).

■ Given that the dismissal of this case is required by the Act, a determination follows as to whether the same should be with or without prejudice. *See* 18 U.S.C. § 3162(a)(providing factors the Court must consider); *United States v. Barnes*, 159 F.3d 4, 16–18 (1st Cir.1998) (same). In the case at bar the seriousness of the charged offenses weighs in favor of dismissal without prejudice. The circumstances of the dismissal also weigh in favor

of dismissal without prejudice. Here, the Act's seventy day period expired and the required statutory remedy is dismissal. The Court, however, finds no bad faith on the part of the government in allowing this time to elapse. This case has not yet gone to trial. Hence, the impact of a re-prosecution will not affect severely the administration of justice. At present, the parties were immediately ready to go to trial, upon a ruling on the issue of defense counsel's conflict of interest. This factor also weighs in favor of dismissal without prejudice. Finally, defendant, who is on bond, does not contend that his ability to effectively prepare for trial and defend himself has been impaired by the statutory delay. To the contrary, his counsel at all times has also expressed his readiness. More so, defendant could have filed his Speedy Trial Act dismissal motion much earlier once the 70 days expired, but waited to do so.

The present remedy of dismissal is ordered solely because Congress, by enacting the Speedy Trial Act, required this particular result. This serves as a further reminder to both courts and prosecutors that they must "monitor scrupulously the passing days" and note Speedy Trial Act deadlines fast approaching. *Barnes* at 16.

WHEREFORE, the Court hereby ORDERS that this case be DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.

**SO ORDERED.**